UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                              CRIMINAL ACTION

VERSUS                                                     NO. 01-353

HERMAN ROBINSON                                            SECTION: "A"

Before the Court is defendant Herman Robinson's **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Rec. Doc. # 203), **Motion for Leave to Amend and Supplement Pleadings Pursuant to Federal Rules of Civil Procedure Rule 15(d)** (Rec. Doc. #207), and **Traverse Response to the Government's Memorandum in Opposition to Petitioner's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255** (Rec. Doc. #213). The Government opposes the motions. For the reasons that follow, the motion is DENIED.

## Statement of the Case

A federal grand jury sitting in the Eastern District of Louisiana returned an eight count indictment charging defendant-movant Herman Robinson, and several co-defendants, with assorted violations of federal drug trafficking laws. On October 28, 2002, pursuant to a plea agreement, Robinson pled guilty to count 1, conspiracy to distribute more than 50 grams of

cocaine base (crack) and more than 500 but less than 5 kilograms of cocaine hydrochloride; and Count 2, distribution of less than 500 grams of cocaine hydrochloride; in violation of 21 U.S.C. § 841 (a)(1) and 846 and 18 U.S.C § 2.  In so doing, Robinson waived the right to appeal his sentence directly or by a motion pursuant to 28 U.S.C. § 2255 with two limited exceptions, neither of which are applicable here.

Robinson was sentenced on January 29, 2003 to 170 months imprisonment.  Robinson appealed to the Fifth Circuit on June 3, 2003.  The Fifth Circuit affirmed the judgment of this Court on November 24, 2003. <u>United States v. Robinson</u>, No. 03-30144 (5th. Cir. Nov 24, 2003). In that opinion, the Fifth Circuit affirmed noting the district court did not plainly err in accepting Robinson's guilty plea of conspiring to distribute more than 50 grams of cocaine base as alleged in the indictment, citing Robinson's admission under oath at rearraignment that he was guilty of a more-than-50-gram conspiracy.  Robinson thereafter filed the instant motion to vacate pursuant to 28 U.S.C. 2255 in which he raises four claims: 1) that counsel was ineffective in failing to object to the improper application of the sentencing guidelines at sentencing and on direct appeal; 2) that counsel failed to argue that the application of § 2D1.1 under the U.S.S.G. during the sentencing phase was unsubstantiated based on the factual record; (3) that counsel was ineffective for failing to argue the issue at sentencing or on direct appeal; and (4) that counsel's failure to object at sentencing to the sufficiency of the factual basis surrounding the type and quality of the cocaine constituted ineffective assistance of counsel.  Last, Robinson filed a motion to amend his pleadings, adding a generalized fifth claim, that Counsel Joseph Raspanti

improperly conducted his investigation and subsequently failed or "refused" to argue the § 2D1.1 and 3 B1.1(c) sentencing enhancements.

### Discussion

As noted above, in his plea agreement Robinson waived the right to seek relief pursuant to § 2255.  Although a defendant can waive his right to file a § 2255 motion, such a waiver might not apply to an ineffective assistance of counsel claim.  United States v. White, 307 F.3d 336, 339 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). Ineffective assistance of counsel claims survive a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself."  If the plea and waiver itself was knowing and voluntary and if the issue raised may properly be the subject of a waiver, 'then the guilty plea sustains the conviction and sentence and the waiver can be enforced.' Id. at 343-344.

The Supreme Court enunciated the two prong test for ineffective assistance of counsel claims in Strickland v. Washinton, 466 U.S. 668 (1984).  First, the court must determine whether the attorney's performance was deficient, giving "a heavy measure of deference to counsel's judgment." United States v. Drobny, 955 F.2d 990, 996 (5th Cir. 1992) (citing Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir. 1989)).  Second, the court determines whether even a deficient performance resulted in actual prejudice to the defendant.  Id. (citing Strickland, 466 U.S. at 687).

Assuming *arguendo* that Robinson's lawyer misinformed him regarding his plea, and

assuming further that such misinformation constitutes deficient performance under <u>Strickland</u>, the Court nevertheless finds Robinson's ineffective assistance claim to be without merit.  The transcript from Robinson's rearraignment reveals that on two separate occasions during the plea colloquy the Court advised Robinson that a guilty plea on the counts charged could result in a term of life imprisonment.   At the rearraignment, Robinson was advised as to the rights of the proceedings and the rights of trial.  Robinson agreed that he did the acts charged in the indictment.  Robinson was advised that the maximum possible sentence that could be imposed on him is life imprisonment with a mandatory minimum of 10 years, $4,000,000.00 fine and a term of supervised release of five years as to count 1, and 20 years imprisonment , $1,000,000.00 fine and a term of supervised release of three years, as to count 2.  A plea agreement signed by Mr. Robinson and his attorney Mr. Raspanti was submitted to the Court.   When the Court asked if Mr. Robinson had read this document, Mr. Robisnon responded "Yes, sir."  When the Court asked,  "Mr. Robinson, does this letter correctly state the agreement between you and the Government?" Mr. Robinson responded, "Yes, sir."  The Court specifically asked:

> Mr. Robinson, as part of your plea agreement, you expressly waive the right to appeal your sentence on any ground, including but not limited to any appeal right conferred by Title 18, Section 3742 or Title 28, Section 2255, except you reserve the right to appeal any punishment imposed in excess of the statutory maximum, and any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the Court.  Is that your understanding, sir, of what's included in the plea agreement?

Mr. Robinson responded, "Yes, sir."  Rearraignment Transcript Pg.13 (Rec. Doc #179).

Robinson acknowledged twice that he understood that the maximum penalty for his

charge was life imprisonment.  Further, the Court specifically informed Robinson that the Court could impose that maximum penalty based upon his plea.  The Court ultimately sentenced Robinson to 170 months which is well below the potential life imprisonment Robinson twice acknowledged on the record.  Robinson does not argue that he did not understand the constitutional rights he was waiving.  Consequently, Robinson cannot establish actual prejudice under Strickland as a result of ineffective assistance of counsel.

Robinson has not provided any argument or evidence that his guilty plea or his waiver of post conviction rights was involuntary.  Testimony by a defendant in open court at a plea of colloquy "carries a strong presumption of verity."  United States v. Abreo, 30 F.3d 29, 31 (5th Cir. 1994).

Robinson argues that his lawyer was ineffective when counsel failed to object to the improper application of the sentencing guidelines or raise the issue on direct appeal.  Mr. Raspanti filed objections to the application of the guidelines.  The objections were overruled at the sentencing.  It was also pointed out that had the objection regarding the past criminal history been sustained, Robinson's criminal history would still have resulted in a criminal history IV.

Robinson argues that the Government did not prove the 49.2 grams of crack cocaine. He argues that due to his counsel's failure to argue the drug quantity at sentencing or raise the issue on direct appeal, he suffered irreparable harm.  Robinson signed a factual basis and agreed that the Government could prove beyond a reasonable doubt that 49.2 grams of crack cocaine were found at the home of Della Martin and that Della told police that the drugs belonged to

"Herman."

Johnson also asserts that his lawyer was ineffective because he was given a 2 point increase for his leadership role. Counsel objected to the leadership role and the Court overruled his objections. Sentencing Transcript, Pgs. 6-8 (Rec. Doc. #180).

Furthermore, the Court agrees with the Government's reasons as stated in its **Memorandum in Opposition to Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255** (Rec. Doc. 208) as it relates to the Court's review of the guidelines and ruling on defendant's objections.

Accordingly;

**IT IS ORDERED** that defendant Herman Robinson's **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Rec. Doc. #203) should be and is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE